UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

C.W. Roberts Contracting, Inc.,

    Claimant,

v.                                                           CASE NO. 8:25-cv-00459-SDM-AAS

Johnson Bros. Corporation,

    Respondent.
_____/

## **ORDER**

    C.W. Roberts Contracting, Inc. (claimant) moves (Doc. 9) to correct an arbitration award. Johnson Bros. Corporation (respondent) moves (Doc. 14) for summary disposition to quash the claimant's motion. The claimant responds (Doc. 15), and the respondent replies (Doc. 16).

    The respondent was the general contractor on a road-building project. (Doc. 9) The claimant, a subcontractor, performed asphalt and paving work. (Doc. 9)

    The claimant demanded arbitration on two claims. (Doc. 9) In Claim I, the "B-High Poly Asphalt Claim," the claimant (as the sub-contractor) alleged that the respondent (as the general contractor) paid less than the contractual price for asphalt. (Doc. 9) In Claim II, the "Deficient Paving Claim," the claimant (as the sub-contractor) alleged that the respondent (now situated as a sub-subcontractor) performed defective paving. (Doc. 9)

On Claim I, the arbitrator awarded the claimant $358,328.52, less than the $369,227.57 owed under the contract. (Doc. 9) The arbitrator calculated the award based incorrectly on the projected volume of asphalt instead of the actual volume. (Doc. 9) The claimant requests alteration to $369,227.57 the award on Claim I.[1] (Doc. 9)

On Claim II, the arbitrator awarded the respondent $193,862.10, corresponding to money the claimant in anticipation of the dispute had withheld from payments owed to the respondent. (Doc. 9) Concluding that the respondent prevailed on Claim II, the arbitrator held that the claimant was not entitled to retain the withheld money and ordered repayment. (Doc. 9) However, the arbitrator failed to account for the respondent's withholding from the claimant an amount equal to the amount owed by the claimant under the arbitrator's award. (Doc. 9) Because the competing amounts — the amount withheld and the amount owed — offset, the claimant requests correcting and vacating the award on Claim II and preventing a $193,862.10 windfall (in effect, a double payment) to the respondent.

The respondent disputes none of these allegations but argues that the claimant's motion to correct the arbitration award fails because the governing statutory

---

[1] The arbitrator calculated damages on Claim I using 8,118 tons—the planned quantity of B-High Poly asphalt—multiplied by a $44.14 per-ton differential, which he derived from the contractual unit price of $197.00 per ton minus the $152.86 per ton actually paid. That computation produced $358,328.52. But the undisputed record shows that 8,364.92 tons were used. Applying the same $44.14 per-ton differential to the actual quantity produces $369,227.57 ($197.00 × 8,364.92 = $1,647,889.24; $152.86 × 8,364.92 = $1,278,661.67; difference = $369,227.57). (Doc. 9)

and case law foreclose alteration of the award. (Doc. 14) The Federal Arbitration Act presumes confirmation of an arbitration award but permits correction of "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." *Aviles v. Charles Schwab & Co.*, 435 F. App'x 824, 827 (11th Cir. 2011); 9 U.S.C.A. § 11(a).

The exception for an "evident material miscalculation" applies narrowly and "where no mathematical error appears on the face of the award . . . an arbitration award will not be altered." *Earth Sci. Tech, Inc. v. Impact UA, Inc.*, 809 F. App'x 600 (11th Cir. 2020) (quotations removed) (citing *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998)). Accordingly, the respondent contends that the statute requires confirmation of Claim I because "[n]owhere on the face of the award is there any reference to" the correct tonnage of asphalt. The award confirms the arbitrator's mistaken usage of the projected tonnage rather than the actual tonnage, but the resulting calculation, overlooking the mistaken premise, is internally consistent. In other words, no computational error is apparent on the face of the document. Because the 'evident material miscalculation' provision of Section 11(a) allows correction for only a mathematical error manifest on the face of the award — but not for an error revealed by resort to matter extrinsic to the arbitration award — the claimant's dispute with the tonnage fails under the "evident material miscalculation" clause.

Although not an "evident material miscalculation," Claim I contains "an evident material mistake in the description of any person, thing, or property referred to

- 3 -

in the award." 9 U.S.C.A. § 11(a). "To make a mistake is to 'understand wrongly' or to 'recognize or identify incorrectly.'" *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir. 2007) (quoting *Webster's II New Riverside University Dictionary* 759 (1984)). As with "evident material miscalculation," an "evident material mistake" must appear "on the face of the arbitration award." *AIG Baker Sterling Heights, LLC*, 508 F.3d at 995 (citing *Apex Plumbing Supply, Inc.*, 142 F.3d at 194).

Here, the award states, "Per the final Payment Application of CWR (Ex R-008), [the claimant] represented that the total amount of High-Poly Asphalt used for the Tech Pad area was 8118 tons." (Doc. 1-5) That statement is demonstrably incorrect because the claimant's application specifies 8,364.92 tons. (Doc. 1-3). This is not a dispute over the arbitrator's weighing of evidence, application of law, or calculation of agreed numbers, but a manifest misdescription of a "thing . . . referred to in the award" within the meaning of Section 11(a). Because the error appears on the face of the award and consists of an inarguably incorrect identification of the contents of the claimant's "Payment Application," the error qualifies as an "evident material mistake" correctable under the statute.

On Claim II, the claimant argues that the arbitrator erred by failing to account for the respondent's withholding of the $193,862.10 already awarded to the respondent. "Double recovery" constitutes a "materially unjust miscalculation" within the meaning of Section 11(a). *See Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1255 (7th Cir. 1994) (citing *Transnitro, Inc. v. M/V Wave,* 943 F.2d 471 (4th Cir.1991)). In

other words, when an arbitration award orders a party to pay damages that have already been paid or which are included elsewhere in the award, Section 11(a) permits correction of the award. Because the arbitrator's omission would require the claimant to pay to the respondent an amount already withheld by the respondent, correction under section 11(a) is warranted "so as to effect the intent [of the award] and promote justice between the parties." 9 U.S.C. § 11.

For the above reasons, the claimant's motion to correct the award on Claim I to $369,227.57 and to correct the award on Claim II to $0.00 is **GRANTED**, and the respondent's motion for summary disposition is **DENIED**. The "Final Award" (Doc. 1-5) is **CORRECTED** as follows: the amount stated on the first indented paragraph on page six of the final arbitration award is corrected from $358,328.52 to $369,227.57 and the amount stated on the second indented paragraph on page six of the final arbitration award is corrected from $193,862.10 to $0.00. The clerk must enter judgment for C.W. Roberts Contracting, Inc. and against Johnson Bros. Corporation consistent with this order.

ORDERED in Tampa, Florida, on October 10, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE